CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 27, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL LOVINGS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00674 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| PATRICIA L. WEST, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Paul Lovings, a Virginia inmate acting *pro se*, brought this 42 U.S.C. § 1983 action against Patricia L. West, a member of the Virginia Parole Board. (Dkt. No. 1.) Lovings filed an amended complaint against Meagan Johnson, a probation officer (Dkt. No. 24) and later was granted leave to file a second amended complaint, which he filed alleging claims against West and Johnson (Dkt. No. 40). Before the court is defendants' motion to dismiss. (Dkt. No. 42.) Plaintiff filed a response to this motion. (Dkt. No. 47.)[1] Defendants' motion to dismiss will be granted.[2]

I.  BACKGROUND

**A.  Plaintiff's Allegations**

Lovings is incarcerated in Virginia following a parole violation. In his first claim, Lovings alleges that Meagan Johnson presented past evidence at his preliminary hearing which violated Virginia Parole Board Policy, the Fifth Amendment Double Jeopardy Clause, and the Fourteenth Amendment Due Process Clause. In his second claim, plaintiff alleges that West

---

[1] This brief is captioned and docketed as a memorandum in support of plaintiff's motion to dismiss the defendants' motion to dismiss. The court construes this brief as plaintiff's opposition to the defendants' motion to dismiss the second amended complaint.

[2] Three other motions are currently pending, but they were rendered moot by the filing of the second amended complaint. (Dkt. Nos. 33, 39, 41.)

violated due process by not providing him with an appeal packet so he could appeal his parole revocation.  (Second Am. Compl.)  According to Lovings, after a hearing on July 17, 2024, he wrote West three times and she did not respond to provide him with an appeal packet and "office waited 202-days to send a turn down and the turn down was not even based off [his] July 12th 2024 hearing [sic] it was not based off the six-month progress-report review."  (*Id.* at 3.)

Lovings seeks release from custody along with compensatory and punitive damages.

### B.  Defendants' Motion and Plaintiff's Response

Defendants argue that plaintiff's second amended complaint does not state any plausible claims for relief under § 1983.  Moreover, plaintiff cannot obtain release from custody in a § 1983 action.  (Dkt. No. 43.)  Lovings argues that the violations of Virginia Parole Board Policy and the introduction of past evidence violated his constitutional rights to due process and against double jeopardy.  (Dkt. No. 47.)

II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to

the non-moving party.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A pro se complaint must still "state a claim to relief that is plausible on its face."  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## B.  Due Process Claims

The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. § XIV, § 1.  "Due process contains both substantive and procedural components."  *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 145 (4th Cir. 2014).  "In order to prevail on either a procedural or substantive due process claim, inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action."  *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).  For a procedural due process claim, a plaintiff must also show that "the procedures employed were constitutionally inadequate."  *Accident, Inj. & Rehab., P.C. v. Azar*, 943 F.3d 195, 203 (4th Cir. 2019).[3]  The Supreme Court has outlined minimum due process requirements in the context of a parole revocation hearing.  *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (explaining that a parole revocation should include (a) notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body

---

[3] The court does not construe plaintiff's complaint as advancing a substantive due process claim.

3

such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole).

Lovings does not state a claim for violation of his right to procedural due process. "It is well-established in the context of parole that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (quoting *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Thus, a protected interest must be found in state law. *Id.* Under Virginia law, the decision to grant or deny parole is discretionary; Virginia law only "gives rise to a limited interest in consideration for parole." *Id.* To protect this limited interest, "procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986); *see also Burnette*, 687 F.3d at 182. Lovings has not alleged such a deprivation in his case. *See McCall v. Chapman*, Civil Action No. 7:21-cv-00181, 2021 WL 3629992, at *2 (W.D. Va. Aug. 17, 2021) (dismissing procedural due process claim where plaintiff "acknowledges that he received parole consideration for the tenth time in July 2020 and that the Parole Board provided specific reasons for its decision to deny parole").

Lovings alleges due process violations based upon the defendants' violations of state-created rules in relation to parole revocation proceedings. Lovings alleges that Johnson violated Virginia Parole Board policy by introducing "past evidence" at his preliminary hearing on his parole violation. He also alleges that West violated policy by failing to give him an appeal packet so he could appeal his parole revocation. Even accepting such allegations as true, if "state law grants more procedural rights than the Constitution would otherwise require, a state's failure

4

to abide by that law is not a federal due process issue." *Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990). Lovings' claims rest on allegations of state law errors, and a "mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011).

For these reasons, plaintiff's due process claims will be dismissed.

## C. Double Jeopardy

In this claim, Lovings argues that the introduction of certain evidence ("past evidence") by Johnson at Lovings' hearing violates the Double Jeopardy Clause of the Fifth Amendment. The Supreme Court has stated that "there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense." *Morrissey*, 408 U.S. at 489. Thus, because "a sentence imposed after revocation of supervised release is not considered a new punishment, the Double Jeopardy Clause is not implicated." *United States v. Foneneau*, 277 F. App'x 293, 294 (4th Cir. 2008). "Parole revocation is not an 'essentially criminal' proceeding, and therefore, the parole revocation does not implicate the Double Jeopardy Clause." *Grandall v. Commonwealth*, Civil Action No. 3:11CV486-HEH, 2012 WL 1999857, at *3 (E.D. Va. June 4, 2012) (quoting *Breed v. Jones*, 421 U.S. 519, 528 (1975)).

This claim will also be dismissed.

## D. Lovings' Requested Relief

Lovings' second amended complaint requests release from custody as a form of relief. Such relief is not available in an action pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"). Further, under *Heck*, Lovings cannot obtain damages without first proving that the "conviction or

sentence has already been invalidated." 512 U.S. at 487. "*Heck* is applicable to parole and probation proceedings." *Phagan v. Webber*, C/A No. 8:18-564-TMC-JDA, 2018 WL 4573098, at *4 (D.S.C. Mar. 8, 2018).

Accordingly, this action can be dismissed for the additional reason that neither damages nor release from custody are available remedies.

### III.  CONCLUSION

The court will issue an appropriate order granting defendants' motion to dismiss.

Entered: March 27, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge